# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3398

_____

Brian J. Price,                 *
                         *
          Appellant,        *    Appeal from the United States
                         *    District Court for the
     v.                     *    District of Minnesota.
                         *
Xerox Corporation; a New York     *
corporation; SHPS, Inc., a Florida   *
corporation, also known as        *
SHPS Healthcare Services, Inc.,    *
                         *
          Appellees.        *

_____

Submitted: March 15, 2006
Filed: April 19, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Brian J. Price sued Xerox Corporation, his employer, and SHPS, Inc., the administrator of its Long-Term Disability Income Plan. Price claimed that the Plan itself violates the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§

1001 – 1461 (ERISA). The district court[1] granted summary judgment to defendants. Price appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On May 7, 2002, Price became disabled and began receiving short-term and long-term disability benefits under the Plan. On September 30, 2003, SHPS notified him that he was no longer medically eligible, and terminated his benefits. By the Plan, he had 180 days to file a first-level internal appeal with SHPS to contest the denial. He requested and received a 90-day extension, filing his first appeal on July 6, 2004. On September 3, SHPS notified Price of its decision to uphold the termination of benefits. In the notice, SHPS also told him that, under the Plan, he was required to file a second-level internal appeal within 60 days.

Price never filed a second appeal. Rather, he sued Xerox and SHPS, alleging that the Plan violates ERISA by requiring claimants to pursue a second appeal within 60 calendar days of notification that SHPS has upheld the denial in the first appeal.[2] He argued to the district court that ERISA regulations require all disability plans to provide at least 180 days for a mandatory internal appeal of the denial, whether it is first-level or second-level. The district court disagreed, finding the relevant ERISA regulations inapplicable to second appeals. The court granted summary judgment to defendants, holding that Price failed to exhaust administrative remedies under the Plan by not pursuing the mandatory second appeal.

This court reviews the grant of summary judgment de novo, applying the same standards as the district court. *See Young v. Pollock Eng'g Grp., Inc.*, 428 F.3d 786,

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]Price has never argued that the notice of his appeal rights was inadequate or that SHPS's explanation for the denial of benefits under applicable regulations was insufficient.

788 (8th Cir. 2005). The district court is affirmed if, viewing the evidence most favorably to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(c)**; ***Richmond v. Higgins***, 435 F.3d 825, 828 (8th Cir. 2006).

The only issue is whether ERISA regulations require at least 180 days for a second internal appeal of a denial. ERISA plans must include a reasonable opportunity to appeal from an "adverse benefit determination," to allow full and fair review of the contested claim. **29 C.F.R. § 2560.503-1(h)(1)**. *See also* **29 U.S.C. § 1133(2)**. To be "full and fair," claimants must have at least 180 days after an "adverse benefit determination" to file an administrative appeal. *See* **29 C.F.R. §§ 2560.503-1(h)(3)(i), (h)(4)**. The regulations also permit, but do not require, plans to mandate a second internal appeal of a denial before a claimant may sue. ***Id.* §§ 2560.503-1(c)(2), (d)**. The regulations, however, do not explicitly specify the time period for a second internal appeal, which frames the issue in this case.

Price contends that SHPS's decision upholding the denial in his first appeal is an "adverse benefit determination," triggering the 180-day period for appeal. *See **id.** §§ 2560.503-1(h)(3)(i), (h)(4)**. He asserts that, because the Xerox Plan provides only 60 days for the mandatory second appeal, he is not required to exhaust administrative remedies under the Plan before seeking judicial review. *See **id.** § 2560.503-1(l)* (deeming administrative remedies exhausted where a plan fails to establish or follow reasonable claims procedures).

The regulations define an "adverse benefit determination" as:

> a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan. . . .

*Id.* **§ 2560.503-1(m)(4)**.  The parties agree that the initial denial is an "adverse benefit determination," mandating the 180-day period for a first appeal (which Price was given).  The parties dispute whether the definition also encompasses the decision on the first appeal.

The definition is unclear and, as the district court found, no case law interprets this specific provision.  However, language elsewhere in the regulations indicates that only the initial denial of benefits is an "adverse benefit determination."  Specifically, plans shall not require "more than two appeals of an adverse benefit determination." *Id.* **§§ 2560.503-1(c)(2), (d)**.  *See also id.* **§ 2560.503-1(h)(1)** (requiring "a reasonable opportunity to appeal an adverse benefit *determination*" affording "full and fair review of the claim and the adverse benefit *determination*") (emphasis added).  The use of the singular "determination" in these regulations shows that only the initial denial is an "adverse benefit determination," and a decision on appeal is not.

Price asserts that the regulations consistently use the term "adverse benefit determination on review" to describe mandatory claims procedures and the notice the plan must give after a first appeal.  *See id.* **§§2560.503-1(f)(3)** (content of notification in plan description); **2560.503-1(h)(3)(vi)(B)** (notice method); **2560.503-1(i)(1)(i)** (time period for rendering administrative decision); **2560.503-1(i)(2)** (time periods for urgent-care, pre-service, and post-service claims); **2560.503-1(i)(4)** (calculation of time period for rendering administrative decision); **2560.503-1(i)(5)** (furnishing documents that form basis of administrative decision); **2560.503-1(j)** (written or electronic notice of decision, including contents).

The provisions Price cites do not discuss the time period for a mandatory second appeal.  The inclusion of the language "on review" differentiates the initial "adverse benefit determination" from later internal appeals of it.  Given the regulatory language, the district court did not err in concluding that a plan administrator's

affirmance of the denial in a first appeal is not an "adverse benefit determination." Accordingly, an ERISA plan need not provide a claimant with at least 180 days to file a mandatory second appeal.

Although the 180-day requirement does not govern second appeals, the regulations mandate a "reasonable opportunity for full and fair review" of an adverse decision. *See id.* **§§ 2560.503-1(b), (h)(2)**. The Plan here provides 60 days for filing the mandatory second appeal, after notification of SHPS's decision on the first appeal. A regulation does specify 60 days as a reasonable period to appeal the denial of benefits under a general, non-disability ERISA plan. *See id.* **§ 2560.503-1(h)(2)(i)**. While not applicable to disability plans like the Plan here, this regulation does indicate that 60 days is a "reasonable opportunity for full and fair review."

Price contends that 60 days is unreasonable, because it restricts new evidence and adequate dialogue with the administrator. However, this argument ignores that he had over 180 days to present evidence and contest the denial in the first appeal. Price fails to show that the Plan's provision of 60 days for the second appeal is unreasonable or otherwise does not comply with relevant ERISA regulations.

Because Price failed to exhaust administrative remedies under the Plan, the district court properly summary judgment to defendants. *See* ***Norris v. Citibank, N.A. Disability Plan (501),*** 308 F.3d 880, 884 (8th Cir. 2002), *citing* ***Layes v. Mead Corp.***, 132 F.3d 1246, 1252 (8th Cir. 1998).

The judgment of the district court is affirmed.

_____